## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN J. VASH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:21-cv-3384-SCJ |
| T-MOBILE US, INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT T-MOBILE US, INC.'S MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant T-Mobile US, Inc. ("T-Mobile") respectfully requests that the

Court stay this matter in its entirety pending a ruling by the Judicial Panel on

Multidistrict Litigation ("JPML") on a pending motion to transfer for consolidated

or coordinated pretrial proceedings under 28 U.S.C. § 1407, filed on August 23,

2021. *See In re: T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019

(ECF No. 1). Plaintiffs in a related case[1] have asked the JPML to centralize this

case with nearly thirty other actions pending in eight federal judicial districts, all of

which are premised on the same basic set of alleged facts and assert similar claims

---

[1] *Daruwalla v. T-Mobile USA, Inc.*, No. 2:21-cv-01118-BJR (W.D. Wash. filed Aug. 23, 2021).

(the "Related Actions").[2]  *See id.*  Plaintiff in this case has appeared in the JPML

proceeding and supports transfer and centralization.  *Id.* (ECF No. 41).

Plaintiffs here and in the Related Actions claim T-Mobile allegedly failed to

adequately safeguard the personal information of its customers from a criminal

third-party actor.  The need for coordination of these actions is compelling: the

various proposed nationwide and statewide classes are overlapping and involve

millions of potentially impacted persons; the complaints contain similar allegations

arising from the same cyberattack; and similar pretrial matters will be presented in

each case.  Moreover, the actions have been filed in jurisdictions as far apart as the

Western District of Washington and the Eastern District of New York.  Given the

strong likelihood that these cases will be transferred into an MDL, the need for a

stay of this action to promote the purposes of coordinated MDL treatment is

equally compelling.  *See, e.g.*, *In re Mednax Servs.*, MDL No. 2994, 2021 U.S.

Dist. LEXIS 108448, at *2–3 (J.P.M.L. June 4, 2021) (finding consolidation

appropriate where there were "six related actions . . . pending in five districts, . . .

spread across the country from Florida to California," "all of which are putative

nationwide or statewide class actions [that] share factual issues relating to a June

2020 incident in which Mednax's e-mail system was breached, potentially

compromising the personally identifiable and health-related information of nearly

---

[2] T-Mobile anticipates that more cases will be filed.

two million individuals"). Without a stay pending the JPML's decision, this Court and many others will be required to devote already scarce judicial resources to a number of activities that will prove unnecessary in the very likely event the JPML consolidates and transfers the Related Actions for coordinated pretrial proceedings. For instance, without a stay nearly thirty motions to dismiss will likely be filed raising virtually identical arguments. There is simply no reason for these courts to devote time, energy, and attention to these motions (or any other proceedings) when the JPML will likely consolidate and transfer all of the Related Actions into a single proceeding before a single judge for consolidated, pretrial purposes.

A district court's authority to stay proceedings is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Not surprisingly, "[a] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *accord Fowler v. Hamilton Med. Ctr., Inc.*, 2008 U.S. Dist. LEXIS 129860, at *4–5 (N.D. Ga. May 7, 2008) ("Indeed, courts frequently grant stays pending transfer decision by the JPML to avoid duplicative efforts and to promote judicial economy." (citing *Smith v. Mail*

3

*Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *1 (N.D. Ill. Nov. 12, 1999))); *see also, e.g.*, *Mears v. All-Clad Metalcrafters, LLC*, No. 20-CV-02662-SI, 2021 U.S. Dist. LEXIS 33633, at *2 (N.D. Cal. Feb. 23, 2021) (staying case pending JPML ruling on proposed MDL); *Short v. Hyundai Motor Am. Inc.*, No. C19-0318JLR, 2019 U.S. Dist. LEXIS 116398, at *2 (W.D. Wash. July 12, 2019) (same); *Van Horn v. Korean Air Lines Co.*, No. C07-1228JLR, 2007 U.S. Dist. LEXIS 116688, at *11–12 (W.D. Wash. Oct. 31, 2007) (same); *Gordillo v. Bank of Am., N.A.*, No. 1:09-cv-01954, 2010 U.S. Dist. LEXIS 7954, at *5–6 (E.D. Cal. Jan. 14, 2010) (same).

As such, judges in this District and across the country have consistently granted motions to stay proceedings pending JPML rulings, finding that it would waste judicial resources to allow an action to proceed if there is a likelihood of consolidation. *See, e.g.*, *Fowler*, 2008 U.S. Dist. LEXIS 129860, at *4–5 (staying the action "pending the JPML's decision on the motions to transfer" because it "will promote judicial economy and efficiency" and "conserve judicial resources"); *see also, e.g.*, *Rivers*, 980 F. Supp. at 1361–62 (granting stay because "there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision . . . regarding consolidation"); *Cty. of Genesee v. McKinsey & Co., Inc.*, 2021 U.S. Dist. LEXIS 101726, at *6 (E.D.N.Y.

May 28, 2021) (granting stay "until the JPML has ruled on whether consolidation is merited" because it "furthers the court's interest in conserving judicial resources, one of the fundamental goals of multidistrict litigation practice"); *Mears*, 2021 U.S. Dist. LEXIS 33633, at *2 (granting stay because it "is in the interest of judicial economy" as "the MDL court can uniformly address pretrial issues"); *Mawby v. Folger Coffee Co.*, 2021 U.S. Dist. LEXIS 97233, at *6 (W.D. Mo. Feb. 5, 2021) (granting stay "pending a decision by the JPML on centralizing the cases" because it "may save" the court "considerable time and resources"); *Amadeck v. Cap. One Fin. Corp.*, No. C12-0244RSL, 2012 U.S. Dist. LEXIS 161603, at *4 (W.D. Wash. Nov. 9, 2012) (granting stay "pending resolution of defendants' motion for consolidation before the JPML" because "[t]he efficiencies obtained by coordinating discovery and pretrial practices across a number of separate cases cannot be doubted"); *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-cv-235, 2009 U.S. Dist. LEXIS 35004, at *5 (E.D. La. Apr. 2, 2009) (granting stay "[p]ending MDL [d]etermination" because "[t]he waste of judicial resources . . . would be substantial" without a stay).

District courts typically review three factors to decide whether to stay pending proceedings until the JPML can rule on consolidation. These factors are: (1) potential prejudice to the non-moving party if the stay is granted; (2) hardship to the moving party if the stay is not granted; and (3) the economical use of judicial

resources.  *See Fowler*, 2008 U.S. Dist. LEXIS 129860, at *5.  Here, all three

considerations weigh heavily in favor of granting T-Mobile's Motion.

This Court and the transferee court's interest in judicial economy militates in

favor of a stay.  If no stay issues before the JPML rules on coordination of the

Related Actions, this Court risks burdening its docket with a case that will require

time, energy, and attention, but which ultimately may not remain with this Court's

caseload.  *See id.* at *6 ("[A]ny efforts that this Court might make with respect to

case management and discovery 'will most likely have to be replicated by [the

transferee court]'" (quoting *Rivers*, 980 F. Supp. at 1361)); *Short*, 2019 U.S. Dist.

LEXIS 116398, at *6 (explaining that conserving judicial resources is "the 'most

important factor' when considering a motion to stay pending an MDL motion")

(quoting *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008

U.S. Dist. LEXIS 130415, at *3 (E.D. Cal. Dec. 23, 2008)).  Courts have often

recognized that these concerns of judicial economy weigh in favor of a stay when a

motion for transfer is pending before the JPML.  *See Rivers*, 980 F. Supp. at 1360

(noting that a stay would prevent the court from "needlessly expend[ing] its

energies familiarizing itself with the intricacies of a case that would be heard by

another judge"); *Fowler*, 2008 U.S. Dist. LEXIS 129860, at *4–5; *Cty. of Genesee*,

2021 U.S. Dist. LEXIS 101726, at *6; *Mears*, 2021 U.S. Dist. LEXIS 33633, at *2;

*Johnson v. Monterey Fish Co.*, No. 18-cv-01985-BLF, 2018 U.S. Dist. LEXIS

6

88640, at *4 (N.D. Cal. May 25, 2018) ("Granting a stay pending a resolution on [defendant's] motion to transfer and consolidate will promote consistency and judicial economy."). Indeed, recognizing the strength of the judicial-economy interests favoring a stay under these circumstances, courts routinely grant stays over plaintiffs' opposition. *See, e.g.*, *Cty. of Genessee*, 2021 U.S. Dist. LEXIS 101726, at *1, 6; *Mawby*, 2021 U.S. Dist. LEXIS 97233, at *2–4; *Short*, 2019 U.S. Dist. LEXIS 116398, at *5–8.

The other two factors also weigh in favor of a stay. A stay of this action will not harm Plaintiff. In fact, Plaintiff supports transfer and centralization in the JPML proceeding. *See In re: T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019 (ECF No. 41). As other courts have recognized, if the stay is only in effect until the JPML issues a decision on transfer, "there will be no extended delay in the commencement of discovery." *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 2:92-cv-01086 and 2:92-cv-01030, 1992 U.S. Dist. LEXIS 7374, at *5 (E.D. Pa. May 7, 1992). In this context, courts "do[] not believe the mere fact that a stay will delay proceedings constitutes any significant prejudice to [p]laintiff." *Mawby*, 2021 U.S. Dist. LEXIS 97233, at *3. Ultimately, "any inconvenience to [p]laintiff" caused by granting a stay "will be minimal and is outweighed by the greater interest in promoting consistency and predictability in the entire litigation should this case be transferred." *Freisthler v. DePuy*

*Orthopaedics, Inc.*, No. CV 11-6580 DSF FFMX, 2011 U.S. Dist. LEXIS 113782, at *2 (C.D. Cal. Sept. 21, 2011) (cleaned up) (quoting *Allen v. Wyeth*, 2008 U.S. Dist. LEXIS 102135, at *4 (D. Minn. Dec. 17, 2008)). Moreover, plaintiffs in five of the Related Actions have consented to a similar stay. *See Donovan v. T-Mobile USA, Inc.*, No. 2:21-cv-01138-BJR (W.D. Wash. Sept. 20, 2021) (ECF No. 13) (order granting consent motion to stay); *Akins v. T-Mobile USA, Inc.*, No. 2:21-cv-01179-BJR (W.D. Wash. Sept. 20, 2021) (ECF No. 11) (same); *Hughes v. T-Mobile USA, Inc.*, No. 2:21-cv-01139-BJR (W.D. Wash. Sept. 20, 2021) (ECF No. 15) (same); *Villalon v. T-Mobile USA, Inc.*, No. 2:21-cv-1148-BJR (W.D. Wash. Sept. 20, 2021) (ECF No. 13) (same); *Espanoza v. T-Mobile USA, Inc.*, No. 2:21-cv-01119-BJR (W.D. Wash. Sept. 20, 2021) (ECF No. 30) (same).

Further, both parties would be harmed if the stay is not granted, as both parties would be required to expend resources litigating this case, only to likely have it transferred later. T-Mobile faces prejudice as it will be required to litigate the same issues and claims in multiple venues simultaneously and faces a risk of inconsistent rulings of fact and law in this action, the Related Actions, and a prospective consolidated case.

For these reasons, the Court should grant T-Mobile's Motion and stay this action until the JPML rules on the transfer of this case for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated: September 21, 2021

Respectfully submitted,

*/s/ Kristine McAlister Brown*
Kristine McAlister Brown
Georgia Bar No. 480189
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
E-Mail: kristy.brown@alston.com

*Attorney for Defendant T-Mobile US, Inc.*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

/s/ Kristine McAlister Brown
Kristine McAlister Brown

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of September, 2021, the foregoing was electronically filed with the Clerk of the Court by using the Court's electronic filing system, which will send notification to all counsel of record who are registered participants of the Court's electronic filing system.

*/s/ Kristine McAlister Brown*
Kristine McAlister Brown