## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN J. VASH, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:21-cv-3384-SCJ |
| | ) | |
| T-MOBILE US, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>RESPONSE IN PARTIAL OPPOSITION TO MOTION TO STAY</u>

Plaintiff Stephen J. Vash ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby respond to Defendant T-Mobile US, Inc.'s Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation.

## I.   INTRODUCTION

Plaintiff opposes staying this action in its entirety pending action by the Judicial Panel on Multidistrict Litigation.  The next Judicial Panel on Multidistrict Litigation ("JPML") hearing is not scheduled until mid-December.  And, if the JPML determines that the actions in question should be centralized in one jurisdiction, it will likely take several additional months to get the cases coordinated, establish leadership, and deal with other preliminaries.  Staying *all*

aspects of this litigation until some unknown date in 2022 will unnecessarily delay the case and be prejudicial to Plaintiff.

Plaintiff is not opposed to a more limited stay of this action to preserve judicial resources until the JPML rules.  Specifically, Plaintiff does not oppose T-Mobile's request to avoid responding to the Complaint or otherwise briefing issues that may become moot.  But Plaintiff respectfully proposes the parties commence the process of discussing and narrowing the scope of pre-trial discovery.  For example, Plaintiff proposes the Court direct the parties to address certain pre-trial discovery issues including the following: (1) negotiating a protective order; (2) negotiating an ESI Order; (3) negotiating a deposition protocol; and/or (4) serving initial discovery.  While the parties can avoid burdening this Court with disputes, they should work together to resolve as many pre-trial discovery issues as possible. Addressing these issues now will position the parties to advance the case as soon as the Motion for Transfer is decided.

## II.    BACKGROUND

*Vash* was the first action filed anywhere in the country involving T-Mobile's most recent data breach.  Plaintiff brought this class action against T-Mobile for its failure to properly secure and safeguard the personally identifiable information of Plaintiff and other members of the proposed class stored within T-Mobile's information network, including, without limitation, first and last names, dates of

2

birth, social security numbers, driver's license/ID information, physical addresses, phone numbers, unique International Mobile Equipment Identity (or "IMEI") numbers, and/or account PINs.  T-Mobile's failure to take adequate and reasonable measures to safeguard the sensitive personal information of Plaintiff and other class members allowed cybercriminals to acquire it.  After Plaintiff filed this action, dozens of other similar cases were filed in various districts around the country.

On August 23, 2021, a plaintiff in a related action in the Western District of Washington filed a Motion for Transfer and Consolidation with the JPML. Responses to the motion to transfer were due on September 14, 2021.  The plaintiffs in the related actions proposed a variety of districts for centralization and transfer, including the Western District of Washington, the Northern District of California, the District of New Jersey, the Western District of Oklahoma, and the Western District of Missouri.  T-Mobile proposed the Western District of Missouri. The next JPML hearing is not scheduled until mid-December.  And, with the holidays shortly thereafter, a ruling is not expected until sometime in early 2022.

### III.   ARGUMENT

#### A.   Any stay should be properly limited.

Plaintiff does not dispute that this Court has broad discretion to stay proceedings.  The power to stay proceedings is "incidental to the power inherent in

every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

Recognizing the need for balance, federal courts generally disfavor staying an action many circumstances.  For example, district courts in this circuit generally disfavor staying discovery pending the outcome of a pending motion.  *See, e.g.*, *Tech Traders, LLC v. Insuladd Env't, Ltd.*, No. 618CV754ORL40GJK, 2018 WL 8369219, at *1 (M.D. Fla. Oct. 5, 2018) ("motions to stay are generally disfavored because they unreasonably delay the progress of the case and impede the Court's ability to manage discovery") (citation omitted).  And the Eleventh Circuit has specifically cautioned that "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F. 3d 1262, 1264 (11th Cir. 2020).

In addition, Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion . . .  before the Panel pursuant
> to 28 U.S.C. § 1407 does not affect or suspend orders and
> pretrial proceedings in any pending federal district court

action and does not limit the pretrial jurisdiction of that
court.

"In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

When considering whether to grant a stay pending a possible transfer by the JPML, courts in this Circuit generally consider the following factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See, e.g., Jozwiak v. Stryker Corp.*, No. 6:09-CV-1985-ORL19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).  The party seeking a stay bears the burden of justifying the resulting delay.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Further, when "there is even a fair possibility" that a stay will inflict harm on someone else, the party requesting a stay "must make out a clear case of hardship or inequity." *Id.*  Importantly, courts have noted that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Menges v. Knudsen*, No. CV 20-178-M-DLC, 2021 WL 1894154, at *11 (D. Mont. May 11, 2021) (*citation omitted*).

As explained in further detail below, T-Mobile has not met its burden of showing that a stay of this action in its entirety pending action by the JPML is warranted.

**B.     The cases T-Mobile cites in support of a stay are distinguishable.**

The authorities upon which T-Mobile relies do not support its motion to stay these proceedings because they concern vastly different factual scenarios.  Nearly all of those decisions either: (1) include an agreement between the parties or an unopposed motion to stay; (2) involve pending motions that would have required the active intervention of the court; or (3) involve significantly shorter timeframes until a decision by the JPML.

For example, in *Gordillo v. Bank of Am., N.A.,* the court granted the stay because, in part, the plaintiff agreed to the stay.  No. 1:09CV01954AWIGSA, 2010 WL 148699, at *1 (E.D. Cal. Jan. 14, 2010) ("Plaintiff filed a response to the motion wherein he indicates that in exchange for his agreement to stay the case pending a ruling from the MDL Panel, B of A has agreed that he may continue to file the consent to join form for any person who desires to opt-in to the litigation.").  Similarly, in *Eggart v. A.L.S. Enterprises, Inc.*, the plaintiff did not oppose the motion the stay.  No. CV-09-0107-FVS, 2009 WL 1587904, at *1 (E.D. Wash. June 2, 2009) ("Plaintiff does not oppose Defendants' motion to stay this action.").  In *Hansen v. I-Flow Corp.*, plaintiffs did not even respond to the motion

to stay.  No. C09-5690 RJB, 2010 WL 11685129, at *2 (W.D. Wash. Feb. 26, 2010) ("Plaintiffs have not responded to the motion.").

In *Rivers*, plaintiffs filed an opposed motion for a stay pending the MDL decision.  *Rivers v. Walt Disney Co.*, 980 F. Supp. at 1360.  In granting the stay in *Rivers,* the court there focused only on the judicial resources that would be preserved because the "Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge [and] any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . . ."  *Id*. at 1360-61.  These concerns are not an issue here because Plaintiff proposes only to handle certain pre-trial discovery matters without the involvement of the Court.

When evaluating hardship to the party opposing a motion to stay, courts pay particular attention to whether the stay will cause undue delay.  Many of the cases cited by T-Mobile are distinguishable because the timeframes in those cases were significantly shorter than that proposed here.  For example, in *Van Horn v. Korean Air Lines Co.*, the court determined there would be no undue delay because the MDL Panel was scheduled to hear the motion to consolidate and transfer within 30 days.  No. C07-1228JLR, 2007 WL 9775632, at *1 (W.D. Wash. Oct. 31, 2007).  Similarly, in *Mears v. All-Clad Metalcrafters, LLC*, the order from the JPML was

scheduled to be issued in less than two months.  No. 20-CV-02662-SI, 2021 WL 690258, at *2 (N.D. Cal. Feb. 23, 2021).  Likewise, in *Pederson v. Novartis Pharms. Corp.*, No. 3:20-CV-05216-RJB, 2021 WL 2895225, at *1 (W.D. Wash. July 9, 2021), and *Amadeck v. Cap. One Fin. Corp.,* No. C12-0244RSL, 2012 WL 5472173, at *1 (W.D. Wash. Nov. 9, 2012) the hearing on the motion to transfer was set for later the same month.  Finally, in *Germack v. Dentists Ins. Co.*, the court noted that the action would only be delayed "a matter of weeks."  No. C20-0661-JCC, 2020 WL 6505020, at *2 (W.D. Wash. July 7, 2020).  Here, with a JPML hearing in December and holidays likely pushing any decision or meaningful hearings until 2022, the delays are too great for the parties here to sit on their hands awaiting a ruling.

Some courts have granted stays for the purpose of conserving judicial resources when the court's efforts would be duplicative or wasteful.  Often, courts finding this factor weighs in favor granting a motion to stay, like those cited by T-Mobile, involve pending motions (such as motions for remand or motions to dismiss) that would require the court's active intervention in the absence of a stay.

For example, in *J.W. v. Pfizer, Inc.*, the court granted a stay and declined to rule on a motion to remand where a pending MDL was already proceeding.  The court determined that "[a]llowing the MDL judge to address these issues simultaneously promotes 'uniformity, consistency, and predictability.'"  No. 13-

CV-00318-YGR, 2013 WL 1402962, at *1-3 (N.D. Cal. Apr. 5, 2013) (*citation omitted*); *see also Shattuck v. A1A, Inc.*, No. 2:21-CV-00945-BJR, 2021 WL 3856067, at *2 (W.D. Wash. Aug. 30, 2021) (same); *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-6580 DSF FFMX, 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) (same).

Similar concerns of judicial economy persuaded the courts in *Short v. Hyundai Motor Am. Inc.*, No. C19-0318JLR, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019), and *Nue LLC v. Oregon Mut. Ins. Co.*, No. C20-676RSL, 2020 WL 7016052, at *1 (W.D. Wash. July 1, 2020), where parties had filed a motion to dismiss that would have required the court's attention absent a stay.[1] There are no such pending motions here.  And, under Plaintiff's proposal, no such motions would be filed.[2]

### C.   Plaintiff proposes a limited stay that will not burden the Court and will balance Parties' competing interests.

Plaintiff does not oppose T-Mobile's request to avoid any motion practice that could burden this Court and the parties with issues that may become moot,

---

[1] In *Johnson v. Monterey Fish Co., Inc.*, the court found that because the case involved an American with Disabilities Act claim, it was already required to stay the litigation pending a joint site inspection and mediation process. No. 18-CV-01985-BLF, 2018 WL 2387849, at *1 (N.D. Cal. May 25, 2018).

[2] T-Mobile also argues that the fact that plaintiffs in some of the related actions have consented to a stay should weigh in favor of granting a stay in this case.  To the contrary, the fact that those proceedings are not advancing weighs in favor of allowing the parties here to address certain pre-trial discovery issues because it virtually eliminates the already-minimal risk of inconsistent rulings.

lead to inconsistent outcomes, or not be heard once the JPML rules.  But this can be accomplished without completely halting this action until sometime in 2022. The limited stay Plaintiff proposes will allow the parties to move forward on specific discovery issues that will not require the intervention of the Court or be rendered wasteful or duplicative following the JPLM decision.  A limited stay, such as the one proposed by Plaintiff, will achieve the balance between the Parties' competing interests contemplated by the applicable case law.

District courts have denied stays when, as here, plaintiffs have represented they will not burden the court with motion practice.  *See Devore v. Prospect Mortg., LLC,* No. 13-CV-01841 RS, 2013 WL 5503022, at *1 (N.D. Cal. Oct. 3, 2013) (denying the stay in light of plaintiffs' representations that there would be no motion practice); *see also Hendricks & Lewis, PLLC v. Clinton*, No. C12-841 MJP, 2012 WL 13175917, at *1 (W.D. Wash. June 6, 2012) (denying the motion to stay, among other reasons, because the defendant did not explain how the court would be required to weigh in on matters that may relate to other pending litigation); *Am. C.L. Union of Washington v. United States Dep't of Homeland Sec.*, No. C17-0562RSL, 2017 WL 2437607, at *2 (W.D. Wash. June 6, 2017) (denying the motion to stay and highlighting that the court's interest in staying the case is minimal because the "procedural and case management orders in this district are

standardized, require little judicial involvement, and are designed to move cases toward resolution in an efficient and expeditious manner").

Plaintiff's proposal of a limited stay eliminates the risk that T-Mobile will be required to litigate the same issues and claims in multiple venues simultaneously facing the risk of inconsistent rulings of fact and law.  Additionally, and as noted by the court in *In re Apple iPhone* (a case concerning privacy violations), the fact that discovery in these actions may be, or "likely will be," extensive and potentially burdensome does not weigh against granting a stay because "staying these actions will not change that burden, but would instead only delay discovery's commencement."  *In re iPhone Application Litig.*, No. 10-CV-05878-LHK, 2011 WL 2149102, at *3 (N.D. Cal. May 31, 2011).  In that case, Apple argued it may have to respond to similar discovery requests for documents, other written discovery, and depositions, and that its witnesses should not have to appear for multiple depositions in various actions.  *See id*.  The court reasoned a stay would not alleviate Apple's burden but only delay it while harming the plaintiffs' case. *See id.*  The court reasoned that a total stay would not be appropriate, and that discovery should proceed on a more narrow basis while Apple's MDL motion was pending before the JPML.  *See id.*

Here, Plaintiff is not even asking T-Mobile to answer discovery.  They just want to negotiate certain pre-trial discovery orders and procedures and serve

discovery.  A balanced solution, like the one ordered by the court in *In re Apple iPhone*, denying the motion to stay but limiting the scope of discovery, is appropriate here.  2011 WL 2149102, at *3-4.  Especially considering that in *In re Apple iPhone*, the JPML's decision was expected in approximately two months, a shorter timeframe than this case.  *Id.* at *1.

Finally, a limited stay will further avoid prejudice to Plaintiff by allowing him to move this action—the first one filed in the country—forward and preserving his interest in a timely resolution.  This is especially relevant here because it is unlikely the JPML will issue a decision for at least several months.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court deny T-Mobile's motion to stay the entire case and, instead, enter a more limited Order directing the parties to: (1) negotiate a protective order; (2) negotiate an ESI Order; (3) negotiate a deposition protocol; and/or (4) serve initial discovery.

Dated: October 5, 2021

Respectfully submitted,

/s/ Peter M. Jones
John C. Herman
Peter M. Jones
Carlton R. Jones
HERMAN JONES LLP
3424 Peachtree Road NE
Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
jherman@hermanjones.com
pjones@hermanjones.com
cjones@hermanjones.com

*Attorneys for Plaintiff, Individually and on Behalf of all Others Similarly Situated*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

/s/ Peter M. Jones

Peter M. Jones

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of October, 2021, the foregoing was electronically filed with the Clerk of the Court by using the Court's electronic filing system, which will send notification to all counsel of record who are registered participants of the Court's electronic filing system.


*/s/ Peter M. Jones*
Peter M. Jones