ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 12/3/2021    Paige A. Wymore-Wynn, Clerk
By: _____ Deputy Clerk

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: T-MOBILE CUSTOMER DATA
SECURITY BREACH LITIGATION                                  MDL No. 3019

## TRANSFER ORDER

**Before the Panel**:* Plaintiffs in the Western District of Washington *Daruwalla* action move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Washington or, alternatively, in the Western District of Missouri. This litigation consists of five actions pending in four districts, as listed on Schedule A. The parties have informed the Panel of 39 related actions pending in nine districts.[1]

Plaintiffs in twenty-two actions responded to the motion. All but one[2] either support or do not oppose centralization, but they differ as to the proposed transferee district. The suggested transferee districts include: the Northern District of California, the Northern District of Georgia, the Western District of Missouri, the District of New Jersey, the Eastern District of New York, the Western District of Oklahoma, and the Western District of Washington. Defendants T-Mobile USA, Inc., and T-Mobile US, Inc., also support centralization. Defendants suggest centralization in the Western District of Missouri.

On the basis of the papers filed and the hearing session held,[3] we find that the actions listed

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiff in the Northern District of California *Achermann* potential tag-along action argues that *Achermann* should not be transferred to any MDL until the transferor court rules on his pending remand motion. This argument is premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). Should the Panel issue an order conditionally transferring *Achermann* to the MDL, plaintiff at that time may move to vacate the conditional transfer order. *See* Panel Rule 7.1.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of December 2, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3019 (J.P.M.L. Nov. 15, 2021), ECF No. 92.

- 2 -

on Schedule A involve common questions of fact, and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions concerning an alleged data security breach of T-Mobile's systems that was discovered in August 2021 and allegedly compromised the personal information of approximately 54 million current, former, and prospective customers of T-Mobile. Common factual questions will include: T-Mobile's data security practices and whether those practices met industry standards; how the malfeasants obtained access to T-Mobile's system; the extent of the personal information affected by the breach; when T-Mobile knew or should have known of the breach; and T-Mobile's investigation into the breach. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Western District of Missouri is an appropriate transferee district for this litigation. The district is supported by defendants and, in the alternative, by several plaintiffs, including movants. The Western District of Missouri presents a geographically central and accessible venue for this nationwide litigation. The district also has the capacity to efficiently manage this litigation. We assign this litigation to the Honorable Brian C. Wimes, who we are confident will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Brian C. Wimes for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline C. Arleo |

**IN RE: T-MOBILE CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                   MDL No. 3019

## SCHEDULE A

<u>Northern District of California</u>

THANG v. T−MOBILE US, INC., C.A. No. 5:21−06473

<u>Northern District of Georgia</u>

VASH v. T−MOBILE US, INC., C.A. No. 1:21−03384

<u>Eastern District of New York</u>

METZGER v. T−MOBILE USA, INC., C.A. No. 2:21−04721

<u>Western District of Washington</u>

DARUWALLA, ET AL. v. T−MOBILE USA, INC., C.A. No. 2:21−01118
ESPANOZA, ET AL. v. T−MOBILE USA, INC., C.A. No. 2:21−01119